IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM STOKES,

     Petitioner,                     No. CIV S–05-0709 ALA P

  vs.

BOARD OF PRISON TERMS,

     Respondent.                   <u>ORDER TO SHOW CAUSE</u>

_____/

        Petitioner, a former state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254.

        "[A] case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481 (1982), *(quoting United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)) (*quoting Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" for the duration of the litigation. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)) (*quoting Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990)). In a parole matter, "Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole-some "collateral consequence" of the conviction-

must exist if the suit is to be maintained." *Spencer,* 523 U.S. at 7.

   Respondent has alleged that petitioner's application is moot because the petitioner has reached the statutory maximum of his sentence, and was discharged from parole on September 15, 2005. *Answer* at 4. Petitioner will therefore be ordered to show cause, in light of the fact he was discharged from parole on September 15, 2005, why this action should not be dismissed as moot because of the existence of some concrete and continuing injury or collateral consequence.

   Accordingly, it is ORDERED that:

   Petitioner show cause in writing within thirty days why this action should not be dismissed because the matter is moot. Petitioner's failure to respond to this order will result in the dismissal of this action.

DATED: July 25, 2007

            /s/ Arthur Alarcón
            _____
            UNITED STATES CIRCUIT JUDGE
            Sitting by Designation